Smith A polite patient second group of lawyers I was afraid you weren't here mr. Matherne when you're or yeah when you're ready Congress enacted the Gun Control Act in 1968 they set out a specific purpose in section 101 it says that hereby declare that the purpose of this title is to provide support federal state and local laws enforcement officials in their fight against crime and violence and is not a purpose of this title to place any undue or unnecessary federal regulations or burdens on law-abiding citizens with respect to the acquisition possession or use of firearms appropriate for the purpose of hunting traps shooting target shooting personal protection or any other lawful activity that this title is not intended to discourage or eliminate the act at 923 specifically says it shall give an FFL to a qualified applicant and an applicant is qualified under 18 U.S.C. 2361B if it's a corporation as long as a person who individually directly or indirectly the power to direct or cause or direct management policies of the corporation partnership or association is not prohibited from transporting shipping or receiving firearms or ammunition in an interstate or foreign commerce under section 922 G and H of this chapter now whenever the ATF does a particular thing grant a license revoke it they cite a specific section of the gun control act which they grant as powers granted now if you look at my tab 5 which is the document is the final notice of the denial of application revocation suspension and or fine for firearms license in particular I would like for you to look at item number two where it says the GCA mandates that the AF shall issue a firearm license to a qualified applicant and they cite the statute if you go down to three they cite a statute in that one if you go down to where they did the inspections they cite that the three corporations committed were inspected and inspections were where they found the violations and they cite violations and if you go to paragraph 11 it says pursuant to 18 U.S.C. 93 D1C the ATF may deny a federal firearms license if the applicant previously violated the GCA. 12 is the most important part of this document. If you read it says the Texas products is a willful violator of the GCA for the reasons described here and that's all about. Alan Ehrenstein was the sole responsible person for Texas products when it voluntarily committed all of the violations to deal in November 21st hearing. Now it didn't say Texas products did some. It didn't say Texas products didn't do most. It said Texas products did all. Well the question is if Texas products did all of them how many did Alan Ehrenstein do? The answer to that question is none. Well how did they come up with that? If you go down to about fourth lines down it says the prior willful violations of the GCA by Texas products or imputed to Alan Ehrenstein is something that is conspicuously absent. Where is the authority for them the ATF to impute the violations to Alan Ehrenstein? The answer to that question there are none. Why is it not in 923? I beg your pardon? Why is it not in section 923 D1B that defines applicant to mean in the case of a corporation partnership or association any individual possessing directly or indirectly the power to direct the management? What it says from prohibiting from importing or shipping firearms it doesn't say that they can impute the violation of the corporation to the corporate representative. Okay so how did the ATF come up with this conclusion? They came up with this conclusion by saying they contemplated that they had the right to do that. There's no statute in the Gun Control Act of 1968 that allows you to impute anything to anybody. There are statutes that have that and it's in my brief but I didn't put it here. But they do not have the power to impute anything to Alan Ehrenstein. And if you look at this, if you look at the entire COAS, tab 5, there's not a single instance where Alan Ehrenstein personally violated the GCA. There's not a single instances where he is not, why he is prohibited from from shipping, which is the statute I cited in my started out, which is 93 D1B. He is not prohibited from shipping firearms through interstate commerce. And so by them, for instance, I would imagine that the ATF contemplated that they could put bump stock, call it bump stock, a bump stock on a firearm as a machine gun. The Supreme Court just says they can't. Yeah they affirmed us on that. Sir? They affirmed us on that. Just wanted to point that out. And also, there's a case in here, which is Garland versus, where they're trying to say that anybody, that everything is a receiver. Well, sorry. That case is going to go down in flames too. Who knows. I withdraw my comment. But is your view, though, that what was going on in Cargill is going on here? No, but the key here is, the ATF does not have the power to impute anything to Allen Ehrenstein. There is no evidence that he personally violated any section of the Gun Control Act. Let me just understand what you're saying. There were previous violations of the Gun Control Act by other corporations, other companies, that Mr. Ehrenstein was involved with? Is that right? Is that right? For instance, let's say that Is that not right? Let's say that Remington Firearms, a lower person commits a violation. Are they going to impute that all the way up to the President? I don't know, but what was Mr. Ehrenstein's role in the other companies that committed GCA violations? He was a corporate representative for text products. He was not the corporate representative for high standard. I know now what happened. One of the director's daughters, who was an alcoholic, was keeping a total of the books, and that's where all these errors came by. I think we've adequately covered the receivers in my brief problem, and also the machine guns. Machine guns, of course, were actually government property outside of the control of the ATF. Also, we complained about not being able to have discovery, a fair trial. In their specific publication with the FR, they violated the law made by removing the ATF from the Administrative Control Act. Of course, now, oh, that's for naught, because the Supreme Court says that now all common law claims are entitled to a Section 3 judge and trial by jury. That case just came out last week. It's 63 U.S. and it's black. I think it's Galling v. Corgill, I believe, is the case number. Can we go back to the statute? I want to ask you about. Sir? Can we go back to the statute, Section 923? Section 923D1A talks about the applicant must be 21 years of age or over. And it says for a corporate representative. It goes on. It goes on to say in the case of a corporate representative, it's already almost exact. And it says in the case of a corporate representative, it says the applicant, including in the case of a corporation, partnership, association, any individual possession directly or indirectly, the power to direct or cause the direction and management and policies of the corporation, partnership, association, is not prohibited from transporting, shipping, receiving firearms or ammunition in interstate or foreign commerce under Section 922G and H of this chapter, that's Chapter 40. And is it your position that the term applicant in this provision, in D, subsection D, means the entity except for D1B? And in that case, it would mean the responsible person? Well, I've argued that there's no such animal as a responsible person in a gun control act. But Mr. Mr. Allen is the corporate representative. But he signed certificates repeatedly stating that he was the responsible person, correct? Right. He wasn't just the corporate representative. The responsible person is not a term that's defined by the Gun Control Act. Well, it's a term that he adopted when he signed the certification. He's a corporate representative.  And he is not prohibited from transporting ammunition in violation of 922G and H of this chapter. Okay? So the corporation, which is Crusader Gun Control LLC, is the applicant. But the person who can do the management is Allen. And he's not prohibited from transporting or shipping or receiving firearms or ammunition in interstate or foreign commerce. And so by imputing those knowledge to Mr. Aronstein, they've violated the Gun Control Act. They've exceeded their constitutional authority to law-make, is what I'm saying here. I think I've adequately said that in my brief. And also, so the key question in this whole case is did the ATF exceed their lawful authority when they imputed the violations for three unrelated companies to Allen Aronstein? And the answer is they did exceed their constitutional authority by doing so. I mean, I can go over. There's no such thing as a responsible person in the Gun Control Act of 1968. It's in Title 40, which is a totally different statute. But you go into Section 121 of the Gun Control Act, and you will not find a definition of responsible person. It's an acronym that they've exceeded their authority by so doing. There's also they've exceeded their authority by defining willful. It's defined by the Supreme Court. And so the key is the GAF has exceeded their legal authority to do what they've done. All right, Counsel. Good morning, and may it please the Court. Myra Siddiqui on behalf of Tenera James, the Director of Industry Operations for the Bureau of Alcohol, Tobacco, Firearms, and Explosives. This case is simple. ATF denied a federal firearms license to Crusader Gun Group LLC because Allen Aronstein has violated the Gun Control Act approximately 6,000 times in the past and is the applicant for purposes of 18 U.S.C. 923 D1C. Aronstein is the appellant's president. He is the only responsible person who is included in the application, and he is the name that is printed above the line that says print applicant name right next to his signature. Moreover, appellant has not pointed to any other officer or other individual that would have the power to direct the management of this company. So there is no straight-faced argument that Aronstein is not the applicant. Moreover, turning to willfulness, Aronstein's prior violations were willful. Previously, he signed acknowledgments that he was responsible for familiarizing himself with all of the laws and regulations governing his licensed firearms businesses. He signed those acknowledgments in 2000, again in 2008, and yet again in 2011. He also signed reports of violations from ATF in 2008, 2009, and 2011. Counsel, thanks for that, and you can return to it. Obviously, responsible person is a key feature to this. What is your statutory support for that? How do you work through the definitions or the explanations of 923 D1 that doesn't have that parenthetical in any of the others? Let's get into kind of the meat of this. So what's your authority to make responsible person so insignificant? Yes, Your Honor. So if you look at we're referring to the parenthetical in D1B where it's talking about the individual who can direct the management and policies of the corporation. So the government's position is that that parenthetical applies to the rest of D1. And earlier, I think— Isn't that an unusual way to write a statute? You make a modifier in one subsection. I would say the default would be it applies to that section. So that would be fairly standard statutory interpretation. Do you disagree with that? Do you think it's—that we would usually say if it appears only in one subsection in a list, it applies to all? I think there are a few reasons that that would make sense in this instance, Your Honor. First, I think earlier Judge Kernodle began a question about D1A, and so that's the subparagraph right above where it says that the applicant must be 21 years old. And one reason that Congress might not have included the parenthetical in that subparagraph is because it was clear in that case that applicant has to refer to a person. Not only would it not make sense for a company to be 21 years old, but it would actually contradict the rest of the statute for a firearms business to be in operation. Excuse me. That helps only if generally if it appears in the first of a subsection, it applies to the rest. That seems to be what your argument is, and you're explaining away why it doesn't appear in the first subsection. Is that sort of your point, that if a parenthetical modifies a term of art like applicant in the first subsection of a statute, it applies to all the other subsections? We think that here, Your Honor, relying on the canon of statutory interpretation, that we have to give every word and every provision of the statute effect. The only way to give the remaining paragraphs of D1 effect in most instances, meaning one where you have a company that's a new company, the only way to give those words and those provisions effect would be to apply this parenthetical to the rest of D1. Indeed, the existence of this parenthetical shows that clearly the Act contemplates that there are going to be businesses or corporate entities that are going to have these firearm licenses. And so if we don't apply it to the rest of that paragraph, then all of these requirements, which Congress intended to apply to licensees, would not apply in a large number of instances where you have any sort of business entity that's applying for a new license. And so this ATF has this reading, which it's been adopted by a few different circuits. It's a common sense reading of the statute to try to make all of the provisions apply in instances where you have these business entities. I was going to ask you if we had any cases that are helpful on this point. Our circuit. So the Fifth Circuit hasn't addressed this specific issue, but in the Fairmont cash management case from 2017, that involved affirming a denial of a firearms license, and it's slightly different. But the court did look at an argument brought by the appellant that the fact that a store manager had committed the violations meant that the company shouldn't lose the license. And this court actually did find that the store manager's actions were attributable to the company. And so this court has recognized that there isn't necessarily that distinction between the company as a corporate entity and the individuals who run it. There has to be some continuity, and that's because, of course, a company, it's a fiction. But individuals are the ones who are actually going to ensure compliance with the Gun Control Act. And so it makes sense that the individuals who are actually in charge are the ones who have to ensure that they're following the law. And so that is one case where this court did at least contemplate some of these issues. Thank you. And so here, again, there's no dispute as to the facts that Ehrenstein was in charge of this company. And, again, he's had three prior companies. He's had multiple violations. And so he's fully aware of these regulations. And so if we were to adopt appellant's reading of the statute, that would lead to these absurd results where any time a corporation has thousands of violations of the Gun Control Act, they can simply reincorporate, change their name, and get a clean slate. And we don't think that that's the result that Congress would have intended in drafting such a detailed and specific statute. Well, it's been mentioned before today that we can get into trouble when we add to statutes something Congress hasn't put there. Bump stocks come to mind. How is this different than that? How is this really? I mean, it seems to me the outcome of those who on the Fifth Circuit believed that the statute has reached bump stock guns and considered them to be automatic weapons. And Supreme Court says, easily fixed by Congress. Isn't this something easily fixed by Congress to say, and I think to me it would be a more usual way to write the statute, wherever the word applicant appears thereafter, it includes corporations, et cetera, and it's not written that way. Isn't this something we should just leave for Congress? Well, Your Honor, if we look at the cases that have decided in the government's favor, I mean, some of them, for example, the Sixth Circuit case, Al's Jewelry and Loan, Inc., that goes back to 1996. And so this interpretation that we're proposing, it has been used by several circuit courts for a number of years, and Congress hasn't amended the statute. And so there hasn't been any indication that this interpretation that the courts are applying is contrary to what Congress intended in this statute. Has the ATF ever changed its view on this issue with respect to regulations or other guidance? Not that I'm aware of. In terms of this application of D1C, I'm not aware of a change in the agency. Okay, because that would be a difference between the bump stock case where the ATF changed. Right. So I believe that case involved a rule. Here, this isn't a specific rule that was proposed by ATF. It's a longstanding application of the statute. That's right. How old is this language? So actually, if you look at the original gun control act from 1968, it did include this language. It did? Yes. So it included a similar list. Now it's in 923D. At the time, it was 923C. But it had a similar list where Part A said the applicant must be 21 years old. Part B included this prohibition on being prohibited from transporting, shipping, et cetera. And it had the parenthetical in subparagraph B. So in terms of the order of the list is what the court is concerned with. That order has been there since the beginning. Go ahead. If we adopted the defendant's, or I guess the plaintiff's, sorry, position on this statute, would that mean that Crusader Gun Group would be ineligible because it's not 21 years old? I don't think so, Your Honor. Again, our position is that this parenthetical applies. No, I'm saying if you're wrong and we adopted Crusader's position, interpretation of the statute, because I think his position is, and he can speak to it in rebuttal, but is that the parenthetical only applies in subsection B, which would mean that it does not apply in A, C, D, E, or F. Yes, Your Honor. That's correct. So, of course, procedurally ATF would not have issued a denial on that basis. But, yes, under a reading of the statute, if applicant only refers to the licensee, the proposed licensee, then Crusader would not be entitled to a license. And, again, we just think it runs into this problem of it doesn't make sense for a firearms business to be open for 21 years before they get a firearms license. It just seems contradictory to the whole point of the statute. Anything else for us, Counsel? I would just like to point out, Your Honor, again, we've discussed the absurd results that would result here. I would just want to highlight that the district court noted in its opinion that Crusader's view would gut the entire federal firearm licensing scheme. So that is an important thing to consider. But if there are no further questions, the government rests on its briefing and asks the court to affirm the findings of the district court. Thank you, Counsel. Thank you. Unfortunately, my hearing aids didn't pick up everything she had to say. But the applicant in this case is Crusader Gun Group, LLC. They have never violated the gun control act. The person who is going to, who is Alan Arenstein, has never personally violated the gun control act. But that's not important. What's important here is the qualification under 923D1B. And Alan Arenstein is not prohibited from transporting, shipping, or receiving firearms or ammunition in interstate or foreign commerce under 922G and H. Counsel, if the applicant here is Crusader Gun Group, would it meet D1A, 21 years of age or over? You know, I don't want to, I don't know. There's many corporations that have FFLs. I don't know how they come up with this 21 years of age there. I mean, it's written in the statute. I mean, I don't know how that's even applicable to a corporation. I mean, I'm just reading the statute. It says the applicant is 21 years of age or older. I represent another company called OFM, which I'm going to be up here again with them. Great. I'm just asking. I mean, I'm just following up on Judge Kernodle's question. I'm trying to figure out what the applicant is and, you know, how it applies. Crusader Gun Control Group, LLC. And if you read there, in the case of a corporation, the person who has directly or indirectly the power to direct or cause direction and management and policies, if that person is not prohibited from shipping or receiving ammunition, Crusader should have been given that license. And that's what I'm saying. The facts in this case clearly demonstrate that the ATF has willfully and purposely violated the intent and purpose of the Gun Control Act of 1968. And what we're asking this court to do is two things, three things, actually. Rule that Allen Arenstein is not a violator of the Gun Control Act. Number two, that Crusader is entitled to receive a firearms license and remand this case back to the district court to comply with this order. Thank you, Counselor. Yes, sir. Appreciate you both. Thank you, Your Honor. We will take it under advisement.